UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JANE DOE, a pseudonymous plaintiff,  )
                                     )
                                     )       6:25-CV-1531 (BKS/MJK)
            Plaintiff,               )
                                     )       NOTICE OF MOTION
   -against-                         )       FOR LEAVE FOR
                                     )       PLAINTIFF TO PROCEED
                                     )       UNDER A PSEUDONYM
HARRY MCCARTHY,                      )
                                     )
_____  )

PLEASE TAKE NOTICE that Plaintiff, by and through her undersigned attorney, Lindsay Lieberman, Esq., upon the accompanying Memorandum of Law, the Declaration of Jane Doe dated October 22, 2025, and any exhibit annexed thereto, Plaintiff will move this Court on November 13, 2025 for an Order granting Plaintiff permission to appear under a pseudonym, specifically (1) granting Plaintiff permission to proceed under the pseudonym, "Jane Doe," (2) directing all parties to refer to Plaintiff as "Jane Doe" in all filings and not otherwise publicly identify Plaintiff and (3) prohibit any party from publishing her unredacted image in any Court filings.

Respectfully submitted,

/s/ Lindsay Lieberman
Lindsay Lieberman
Lindsay Lieberman, LLC
5335 Wisconsin Avenue NW
Suite 440 PMB 4025
Washington DC 20015
Tel.: (401) 314-0219
lindsay@lindsaylieberman.com
Attorney for Plaintiff Jane Doe
NDNY Atty Bar #704842

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____
                                    )
JANE DOE, a pseudonymous plaintiff, )
                                    )
                 Plaintiff,         )
                                    )    6:25 CV 1531 (BKS/MJK)
        -against-                   )
                                    )    MOTION FOR LEAVE
                                    )    FOR PLAINTIFF TO
                                    )    PROCEED UNDER A
                                    )    PSEUDONYM
HARRY MCCARTHY,                     )
                                    )
                 Defendant.         )
_____ )

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION FOR LEAVE FOR PLAINTIFF TO PROCEED UNDER A
PSEUDONYM**

Plaintiff "Jane Doe," by and through her attorney, Lindsay Lieberman, Esq., respectfully submits this Memorandum of Law in Support of her Motion for Leave for Plaintiff to Proceed Under a Pseudonym in this matter.

**PRELIMINARY STATEMENT**

Plaintiff Jane Doe is an adult survivor of child sexual exploitation. When Plaintiff was thirteen years old, Defendant, a former law enforcement officer and her step-father, sexually abused her, produced visual depictions of that abuse. Those images were later disseminated on the Internet. *See* Pl. Compl. at ¶¶ 14-16, 22.

On December 19, 2017, Defendant was convicted in federal court of Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251, and was sentenced to serve 15 years in prison, to be followed by a lifetime term of supervised release. He is currently in the custody of the United States Bureau of Prisons. *See id.* at ¶¶ 20, 9.

Plaintiff brings this civil action under 18 U.S.C. § 2255, the civil remedy for personal injuries resulting from violations of the federal child sexual exploitation statutes, which expressly authorizes victims of Child Sexual Abuse Material ("CSAM") crimes to seek damages for the personal injury suffered as a result of these crimes.

Because this litigation necessarily involves repeated references to images of Plaintiff's child sexual abuse, she seeks leave to proceed under a pseudonym in order to safeguard her privacy, dignity, and safety. Defendant's actions have already caused her significant emotional and psychological harm, reputational injury, and serious concerns for her security. *See id.* at ¶¶ 5, 23, 24 *see also* Decl. of Jane Doe at ¶¶ 12-17. The widespread circulation of her intimate images, combined with the risk that public filings could draw further attention to the very material she seeks to suppress, heightens these injuries.

For these reasons, Plaintiff respectfully requests that the Court allow her to proceed under a pseudonym, "Jane Doe" and prohibit any party from publicly identifying her or filing unredacted images that would reveal her identity.

## FACTUAL BACKGROUND

When Plaintiff was thirteen years old, she was sexually abused by Defendant Harry McCarthy, then an officer with the Ogdensburg Police Department and her step-father. *See* Pl. Compl. at ¶¶14-16; Decl. of Jane Doe at ¶¶ 4, 5. During the abuse, Defendant produced approximately thirty images depicting Plaintiff while she was asleep, including close-up depictions of her vagina and chest, as well as at least one photograph showing his hand on her thigh. *See* Pl. Compl. at ¶¶ 16-17; Decl. of Jane Doe at ¶¶ 5-6. These images constitute CSAM within the meaning of federal law. *See* 18 U.S.C. § 2251.

In December 2017, Defendant pleaded guilty in the United States District Court for the Northern District of New York to Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251. On April 18, 2018, the court sentenced him to fifteen years' imprisonment, followed by a lifetime term of supervised release. *See* Pl. Compl. at ¶¶ 20-21.

Plaintiff first learned of Defendant's abuse and the existence of the images in 2015, when federal agents raided her home and removed her from her family to question her about the CSAM. *See* Decl. of Jane Doe at ¶ 7. Since then, Plaintiff has been notified that at least one other defendant in another CSAM prosecution was found to be in possession of the images depicting her. *See id.* at ¶ 11. She understands that there will be additional defendants who will be arrested in possession of her images. *id.* at ¶ 13-14. Each time Plaintiff is confronted with the ongoing existence and distribution of these images, she is revictimized and will continue to be so victimized in the future. *id.*

As a result of Defendant's abuse and the continued circulation of the CSAM, Plaintiff has suffered, and continues to suffer, severe and lasting harm. She experiences panic attacks, nightmares, hypervigilance, and persistent mood instability. She has received mental health treatment. The trauma has disrupted her education, delayed her career aspirations, and strained her personal and family relationships. *See id.* at ¶¶ 12-16.

On October 28, 2025, Plaintiff filed her complaint in the Northern District of New York under 18 U.S.C. § 2255, the civil remedy provision for victims of federal CSAM offenses, seeking liquidated damages in the amount of $150,000 or actual damages, punitive damages, attorney's fees and other litigation costs reasonably incurred, and such other preliminary and equitable relief as the Court deems appropriate.

## ARGUMENT

Plaintiff is permitted by law to proceed pseudonymously in this action. Section 2255 allows courts to grant "such other preliminary and equitable relief as the court determines to be appropriate," which includes protecting the survivor's identity. *See* 18 U.S.C. § 2255. Federal courts routinely allow pseudonymous pleading in child sexual abuse and pornography cases. *See Doe v. Oshrin*, 299 F.R.D. 100 (D.N.J. 2014) (permitting a plaintiff to proceed under a pseudonym in a § 2255 action, reasoning that the statute's equitable relief provision allows confidentiality to protect child pornography victims from further harm); *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (recognizing that fictitious names are permitted when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses).

Additionally, while Federal Rule of Civil Procedure 10(a) generally requires parties to expressly identify themselves in their respective pleadings, federal courts have "carved out a limited number of exceptions to the general requirement of disclosure . . . , which permit plaintiffs to proceed pseudonymously." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008). In *Sealed Plaintiff,* the Second Court of Appeals endorsed the Ninth Circuit's balancing test and held that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *See id.* (vacating the district court's order that denied plaintiff's application to prosecute her claims under a pseudonym). The Second Circuit elaborated that several non-exhaustive factors should be considered, including:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature, (2) whether identification

> poses a risk of retaliatory physical or mental harm to the … party [seeking to proceed anonymously] or even more critically, to innocent non-parties (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . , (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity, (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations omitted) (internal quotations omitted). Application of these factors to a case rest in the sound discretion of the district court. *See Doe v. Smith*, 1:19-CV-1121 (GLS/DJS), 2019 U.S. Dist. LEXIS 205707, at *3 (N.D.N.Y. Nov. 27, 2019).

Here, nearly all of the relevant factors weigh in favor of granting Plaintiff's request to bring this litigation pseudonymously.

**First**, this litigation involves matters that are highly sensitive and of a personal nature, as it centers around Defendant's sexual abuse of Plaintiff when she was a minor and his production of images documenting that abuse. *See* Pl. Compl. at ¶ 16. These images, which constitute child sexual abuse material under 18 U.S.C. § 2251, include close-up depictions of Plaintiff's intimate body parts taken when she was only thirteen years old. *See* Pl. Compl. at ¶ 17. The ongoing existence and circulation of these images make the subject matter of this case profoundly sensitive and personal. The exposure of Plaintiff's

images is highly sensitive and personal in nature. *See Doe v. Black*, 23-CV-6418 (JGLC), 2023 U.S. Dist. LEXIS 147645, at *4 (S.D.N.Y. Aug. 18, 2023) (finding that litigation involving intimate images and sexual assault is "highly sensitive and of a personal nature"); *see also Doe v. Grace Baptist Church*, 1:21-CV-890 (BKS/DJS), 2022 U.S. Dist. LEXIS 84767, at *7 (N.D.N.Y. May 11, 2022) (holding plaintiff has an interest in anonymity where her allegations involve sexual abuse); *Smith*, 2019 U.S. Dist. LEXIS at *3-4 (finding that a case that "will likely require a detailed discussion of . . . [a] sexual encounter" weighs in favor of permitting a plaintiff to proceed anonymously).

**Second**, identification poses a risk of retaliatory harm to Plaintiff and non-parties. Defendant has already inflicted severe emotional and psychological injury on Plaintiff through his sexual abuse and production of images of that abuse when she was only thirteen years old. *See* Pl. Compl. at ¶ 24. Those images remain in circulation today and continue to be discovered in the possession of at least one other offender in another prosecutions. *See id.* at ¶¶ 22-23. Each rediscovery of these images will continue to traumatize Plaintiff, compounding the original abuse. Public disclosure of Plaintiff's identity in this litigation would permanently associate her name with those images, exposing her to further humiliation, stigma, and emotional harm.

Plaintiff also fears for her safety and that of her family once Defendant is released from prison in 2028. *See* Decl. of Jane Doe at ¶ 17. Given Defendant's prior position as a police officer, and the seriousness of his underlying conviction, Plaintiff reasonably believes that public identification could expose her and her loved ones to retaliation or harassment. *See id.* at ¶¶ 14-17. These risks underscore that anonymity is necessary not only to prevent further injury to Plaintiff but also to protect innocent non-parties from harm.

**Third,** identification presents other severe harms, including the very injuries this lawsuit seeks to redress. Plaintiff's claims arise directly from Defendant's production of images documenting her sexual abuse as a child and the ongoing circulation of those images. *See* Pl. Compl. at ¶ 16. Public disclosure of Plaintiff's name in connection with this case would permanently link her identity to those images, compounding the injury she already endures each time they are viewed. *See Doe v. Grace Baptist Church*, 1:21-CV-890 (BKS/DJS), 2022 U.S. Dist. LEXIS 84767, at *7 (N.D.N.Y. May 11, 2022) (holding anonymity is warranted where the plaintiff is vulnerable to emotional and reputational harm). Disclosure of her identity would therefore itself replicate the very harm for which she seeks relief under 18 U.S.C. § 2255.

**Fourth,** Plaintiff is particularly vulnerable to the harms of disclosure. At the time of Defendant's abuse, Plaintiff was only thirteen years old. *See* Pl. Compl. at ¶ 16. She continues to suffer profound injury and emotional distress, including nightmares, panic attacks, hypervigilance. *See* Decl. of Jane Doe at ¶ 12. These conditions render her especially susceptible to retraumatization if her name is linked publicly to the child sexual abuse material at issue.

**Fifth,** this suit challenges the actions of a private individual, Defendant, rather than a government entity, and therefore, the factor weighing government accountability is inapplicable here. Plaintiff does not challenge government action but seeks relief for private wrongs committed by Defendant.

**Sixth**, Defendant will not be prejudiced by allowing Plaintiff to proceed under a pseudonym. *See Black*, 2023 U.S. Dist. LEXIS at *4; *see also Grace Baptist Church*, 2022 U.S. Dist. LEXIS at *7 (finding defendant would not be prejudiced if plaintiff remained

anonymous). Defendant is fully aware of Plaintiff's identity and has extensive knowledge of the facts of this case, as he is the individual responsible for the unlawful dissemination of Plaintiff's images. Allowing Plaintiff to proceed under a pseudonym will not prevent Defendant from defending himself or obtaining discovery necessary to litigate this case.

**Seventh**, Plaintiff's name is not known to the public at large, and she leads a private life. Maintaining this confidentiality is crucial to protecting her from further harm. *See* Decl. of Jane Doe at ¶ 18.

As to the **eighth** factor, the public's interest in this litigation is not furthered by knowing the identity of Plaintiff, a private person. Plaintiff is a private person with no public profile, and revealing her identity would not advance the public's understanding of the case. *See* Decl. of Jane Doe at ¶ 18. The public can access all relevant information without knowing Plaintiff's name.

**Ninth**, there is a weak public interest in knowing Plaintiff's identity due to the personal nature of the allegations. Plaintiff is not a public figure, and the issues at hand involve private, sensitive matters related to Defendant's unlawful conduct. There is little public benefit in knowing her identity.

**Tenth**, there are no alternative mechanisms for protecting Plaintiff's confidentiality. Given the nature of Defendant's actions and the ongoing harm caused by the dissemination of these images of child sexual abuse, anonymity is the only viable way to prevent further damage to Plaintiff's mental, emotional, and professional well-being. *See Doe v. Smith*, 1:19-CV-1121 (GLS/DJS), 2019 U.S. Dist. LEXIS 205707, at *6.

The circumstances here strongly support allowing Plaintiff to proceed under a pseudonym. This case concerns highly sensitive and deeply personal subject matter

involving Defendant's sexual abuse of Plaintiff as a child and his production of images documenting that abuse. Protecting Plaintiff's identity is critical to prevent further harm, as public disclosure would permanently associate her name with child sexual abuse material. Courts have recognized that the sensitive and personal nature of such harms outweighs the public's interest in disclosure. *See Clazmer v. Blixseth Group, Inc.*, 2011 U.S. Dist. LEXIS 122575, 2011 WL 5040604, at *2 (finding that the "highly sensitive, personal nature of the alleged harm—the distribution of child pornography involving the plaintiff—" outweighed "the public interest in requiring plaintiff to disclose his identity"). These considerations demonstrate a reasonable fear of severe harm that justifies pseudonymity, and the decision to allow a plaintiff to proceed under a pseudonym rests within the Court's sound discretion. *See* Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008). Therefore, Plaintiff should be permitted to prosecute this action under a pseudonym the parties should be prohibited from publishing any unredacted documents that identify Plaintiff by image.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully asks that the Court grant her Motion for Leave for Plaintiff to Proceed Under a Pseudonym, order that she be permitted to appear as "Jane Doe," prohibit any party from publishing her unredacted image in any Court filings, and any other such relief as this Court deems just and necessary.

Respectfully submitted,

/s/ Lindsay Lieberman
Lindsay Lieberman
Lindsay Lieberman, LLC
5335 Wisconsin Avenue NW
Suite 440 PMB 4025

Washington DC 20015
Tel.: (401) 314-0219
lindsay@lindsaylieberman.com
Attorney for Plaintiff Jane Doe
NDNY Atty Bar #704842