# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

Jane Doe,

        Plaintiff,

v.                                                                      6:25-cv-1531 (BKS/MJK)

Harry McCarthy,

        Defendant.

Lindsay Lieberman, Esq., for Plaintiff
Matthew R. Lembke, Esq., for Defendants

Mitchell J. Katz, U.S. Magistrate Judge

## MEMORANDUM-DECISION and ORDER

Plaintiff moves for permission to proceed under a pseudonym in this action. (Dkt. 2). Defendant consents to the relief requested. (Dkt. 9). For the reasons set forth below, Plaintiff's motion to proceed under a pseudonym is granted.

## I. Background

Plaintiff alleges that Defendant, her stepfather, sexually abused her while she slept and produced approximately thirty images depicting her nude body. (Dkt. 2-1, ¶¶ 4,5,6). She alleges that the visual depictions of the sexual abuse were distributed, or caused to be distributed, by Defendant, and that at least one other individual has

1

been found to be in possession of these visual depictions. (*Id.* at ¶11). Plaintiff states that she has suffered, and continues to suffer, profound injuries and emotional distress, which have been exacerbated by the knowledge that these visual depictions have been circulated. (*Id.* at ¶¶ 12,13, 14). Plaintiff is afraid that if her name is made public in this lawsuit, it would draw additional attention to the images, thus exposing her to further injury, including damage to her reputation. (*Id.* at ¶¶ 15, 16).

II.  **Discussion**

  A.  **Legal Standard**

"When evaluating a request by a party to proceed anonymously or by pseudonym courts consider numerous factors, including whether identification would put the affected party at risk of suffering physical or mental injury." *John Wiley & Sons, Inc. v. John Does Nos. 1-27*, No. 11-CV-7627, 2012 WL 364048, at *1 (S.D.N.Y. Feb. 3, 2012) (quoting *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004)).

The Second Circuit has provided a non-exhaustive list of factors to consider in balancing a plaintiff's interest in anonymity against the public interest in disclosure and any prejudice to defendants. *See Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 189-190 (2d Cir. 2008). Those factors are as follows:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.,* at 190 (internal quotation marks and citations omitted).

Application of these factors to the particular facts of a case "is left

to the sound discretion of the district court." *N. Jersey Media Group, Inc. v. Doe,* 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012) (citing *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d at 190). "However, the bar to proceed in Court anonymously is high." *Doe v. Delta Air Lines, Inc.,* No. 23-CV-931, 2023 WL 7000939, at *2 (E.D.N.Y. Sept. 7, 2023). "[P]seudonyms are the exception and not the rule," and a party seeking to "receive the protections of anonymity ... must make a case rebutting that presumption." *United States v. Pilcher,* 950 F.3d 39, 45 (2d Cir. 2020)).

### i. Factor 1: Highly Sensitive and Personal Nature

This litigation involves matters that are highly sensitive and of a personal nature. The images at issue constitute child sexual abuse material under 18 U.S.C. § 2251. The fact that these images have been published creates an environment of ongoing harm to Plaintiff, exacerbated by having her name associated with them. This factor weighs in favor of allowing Plaintiff to proceed anonymously.

4

### ii.  Factor 2: Risk of Retaliatory Physical or Mental Harm

Public disclosure of Plaintiff's identity would associate her name with the images, thus exposing her to further humiliation, stigma and emotional harm. In addition, Plaintiff notes that Defendant, who was a police officer, is due to be released from prison in 2028. (Dkt. 2-1, ¶ 17). Courts have recognized that victims of sexual misconduct face unique risks of severe psychological harm from forced disclosure. *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 197 (E.D.N.Y. 2006)). It is not unreasonable to observe that Plaintiff may be exposed to retaliation or harassment if she is publicly identified in this action. This factor weighs in favor of allowing Plaintiff to proceed anonymously.

### iii.  Factor 3: Other Harms and Their Severity

Plaintiff asserts that public disclosure would cause her permanent reputational and professional damage. (Dkt. 2-1, ¶ 15). This is a reasonable assertion under the circumstances, especially given the allegations of emotional trauma already suffered by Plaintiff. *See Doe V. Grace Baptist Church*, 1:21-cv-890 (BKS/DJS), 2022 U.S. Dist. LEXIS 84767, at *7 (N.D.N.Y. May 11, 2022) (holding anonymity is warranted where the plaintiff is vulnerable

to emotional and reputational harm).

This factor weighs in favor of allowing Plaintiff to proceed anonymously.

### iv. Factor 4: Plaintiff's Particular Vulnerability

Plaintiff was 13 years old when she was victimized. (Dkt. 2-1, ¶ 5) While she is now an adult, Plaintiff alleges profound injury and emotional distress and supportably alleges that she is susceptible to ongoing trauma should her name be publicly linked to the images at issue. This factor weighs in favor of proceeding anonymously.

### v. Factor 5: Public v. Private Defendants

This factor is not applicable.

### vi. Factor 6: Prejudice to Defendants

Plaintiff argues that Defendant will suffer no prejudice if pseudonymity is granted because he knows her identity, can conduct full discovery, and can defend the case without limitation. (Pl. Mem. Of Law, Dkt. 2, pg. 9). "Generally, a defendant is 'not greatly prejudiced in his ability to conduct discovery' if the defendant 'knows Plaintiff's name.'" *Doe v. DNA Diagnostics,* No. 25-CV-2878, 2025 WL 1725449, at *6 (S.D.N.Y. 2025) (quoting *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y.

2006)). This factor is readily resolved in Plaintiff's favor for the reasons stated and the fact that Defendant consents to the requested relief. *See* (Dkt. 9).

### vii.  Factor 7: Confidentiality Maintained Thus Far

Plaintiff contends that her identity is not known to the public at large and that she leads a private life. *See* (Dkt. 2-1, ¶18). This case was filed under a pseudonym. The Court finds that this factor favors Plaintiff.

### viii/ix. Factors 8 & 9: Public Interest in Disclosure

While proceeding anonymously is the exception and not the rule, as the public has a general interest in matters being litigated in this court, the public's interest can plainly be served in this case while at the same time protecting Plaintiff from the injuries she reasonably alleges would occur should she be required to reveal her name on the public docket. The Court therefore finds that this factor favors the relief requested by Plaintiff.

### x.  Factor 10: Other available protective mechanisms

The tenth factor inquires "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed*

*Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 188-89 (2d Cir. 2008). While redactions and a protective order might provide some protection to Plaintiff, the Court finds that those other mechanisms are insufficient in a case like this one. The Court agrees that the only viable way to protect Plaintiff's mental, emotional and professional well-being is to allow her to proceed anonymously. See *Doe v. Smith,* No. 1:19-cv-1121 (GLS/DJS), 2019 U.S. Dist. LEXIS 205707, at *6.

For the reasons set forth above, balancing the Plaintiff's interest in anonymity against both the public interest in disclosure and any prejudice, the Court finds that the Plaintiff has established that exceptional circumstances exist which support allowing her to proceed anonymously.

**WHEREFORE**, based on the findings above, and upon the consent of Defendant (Dkt. 9),  it is hereby

**ORDERED**, that Plaintiff's motion (Dkt. 2) is **GRANTED**, and it is hereby further

**ORDERED**, that Plaintiff shall appear in this action as "Jane Doe," that she be identified in all papers and pleadings filed in this

action as "Jane Doe," and any documents/images that are filed in the public record be redacted so as not to identify her.

Dated: February 27, 2026.

                                                               _____
                                                               Hon. Mitchell J. Katz
                                                               U.S. Magistrate Judge